The Honorable Judges of the United States Court of Appeals in and for the Seventh Judicial Circuit. Hear ye, hear ye, hear ye. All persons having business before this Honorable Court are admonished to draw near and give their attention. As the Court is now sitting, God save the United States and this Honorable Court. Good afternoon, everyone. I see both counsel and so we can proceed. Our case for argument this afternoon is Dentrell Brown against Frank Vanihel. Ms. Thomas, you may proceed. Good afternoon, and may it please the Court. My name is Willow Thomas. I'm a law graduate representing Dentrell Brown. When the District Court entered its order conditionally granting Dentrell Brown's writ for a petition of habeas corpus, the State had two ways of complying with that order. They could release Mr. Brown, or they could retry him. The State chose to retry Mr. Brown, and they vacated his previous judgment in order to do so. We are here today because now, through means of this appeal, the State wishes to preserve the very judgment that it vacated. But the State can't get back a judgment that no longer exists. Under Article III, a suit becomes moot at any stage of review once it is impossible for a court to grant any effectual relief. If a case becomes moot during an appeal, the reviewing court must dismiss it. Mr. Brown. Could I ask you, in essence, to what extent do you think mootness depends upon the State court order vacating the conviction as opposed to just proceeding, let's say, and completing a new trial? Your Honor, when the State vacated that previous judgment, when they did that, they released Mr. Brown from the custody pursuant to that constitutionally infirm judgment. I understand your position on that, and that's your stronger position. I just want to understand, because the status of that problem under State law, I think, is not before us. And I don't know. We're all trying to sort out this pretty unusual procedure. That's why we're having this unusual argument. But would it be enough for our appeal to become moot if, while we had it under deliberation, a new trial occurred? Your Honor, if a new trial were to occur, something necessary for that new trial to occur is the vacation of the previous constitutionally infirm judgment. Well, that's not true as a matter of Federal law, though, is it? I mean, that may or may not be true as a matter of State law. I'm not sure. Your Honor, as a matter of Federal and State law, so says the double jeopardy clause of the Fifth Amendment. Somebody cannot be tried again for a crime that they have already been convicted. A necessary constitutional requirement for the State to retry Dentrell Brown was to vacate that previous conviction. And they have done so. And because they have done so in this particular case, it means that Dentrell is no longer being held pursuant to that previous judgment. And it means that if this court were to hear the appeal on its merits, it would not in any way affect Dentrell's custody. And for that reason, the case is moot. A habeas case becomes moot essentially once the petitioner is no longer in custody under the judgment that he seeks to attack. And that's precisely Mr. Brown's situation here. He's not being held. What do you what do you do with the state's recently cited authorities from the state that say, well, we could send him back to prison? Yes, Your Honor. My colleague attempts to use these newly cited cases, Samuels, Mancusi and Quero, to support the position that a state court action in response to a habeas writ does not moot the federal proceedings. But I think the important distinction to be made here is that in both Mancusi and Quero, New York and California alleged that they had the authority to get those sentences back. Essentially, it made the state what the state could do uncertain. Mancusi specifically says as long as it is uncertain what the state courts can do, the trial or the case is not moot. But here there there can be no uncertainty. In order to retry Mr. Brown, the state was required to vacate his 2009 conviction and sentence as a matter of state and federal law, including Slack v. Grisby, which is Indiana Supreme Court precedent that's been on the books for almost 70 years. Now, at least in Quero, Your Honor, California cited a case that it thought was authority for how it could get Quero's sentence back. In this case, the state has done nothing more than say the trial court doesn't have the last word. It's not cited a single case saying that there even is any type of theoretical possibility that the state could retrieve Mr. Brown's original conviction and sentence. And as far as the mechanisms for reinstating the conviction that the state lists, my friend is mistaken as to how those rules operate. And I'd be happy to discuss them with the court. Can I ask you one quick question before that? And that is I'd like to hear that. But has the state appealed the trial court's order vacating the conviction? No, Your Honor. Has the time to do so run? The time to file an interlocutory appeal of Judge Cristofano's order has expired. That was they would have had to do that within 30 days of Judge Cristofano's order itself. And they have not done so and they cannot do it now. But the truth is, is even if the state was correct, reinstating that conviction would put us in the exact same situation as Jensen v. Pollard, where this court found that the state reinstatement of the judgment constituted an intervening new judgment for habeas purposes. It would still be the case that Mr. Brown would not be held pursuant to the originally constitutionally infirm judgment. And essentially, if everything the state wants to happen happens here, Mr. Brown would be held under a new judgment. Essentially, Your Honors, the state left a popsicle out on the sidewalk in July, and it melted. And per Jensen, it could get a popsicle that theoretically is the same brand and the same flavor as the old one, but it's still a new popsicle and the old one is just never coming back. And because the judgment is never coming back, any decision that this court could make about the writ on the merits would have no effect on Mr. Brown's custody. And it would be a waste of this court's judicial resources to consider the merits of the state's appeal. Under no theory, at least no theory that respects the bedrock principles of federalism, could the district court force Mr. Brown to be re-imprisoned on the authority of a state judgment that simply no longer exists? The state has vacated the very judgment it seeks to preserve. And there's just no effective relief available for the state here. But the fact is, Ms. Thomas, as a practical matter, does that mean that the remedies for the state in this situation are to seek a stay of the district court's writ order or failing or if that stay request fails, comply with the writ either by releasing the prisoner or initiating retrial proceedings, including here under Indiana law vacating the underlying judgment to permit the retrial of the prisoner? If the state does not succeed in winning a stay of the district court's writ order, then any avenue and any appellate review is unavailable unless the state, I suppose, elects to release the prisoner during the pendency of the retrial proceedings and leaving the conviction and judgment in the state court on the books until the moment at which a new jury would be impaneled and jeopardy would attach? Would that be one avenue for the state to obtain appellate review of the district court's writ? I'm trying to reconcile what has to happen in state court to preserve the state's ability to appeal the district court's writ order. And it seems to me those are the choices that the state has to seek a stay in the district court. And if that fails, then the state's option is to release the defendant and initiate retrial proceedings, but postpone or seek to postpone any vacature of the state court judgment until the moment before a new jury is impaneled in order to let the appellate court in the federal system review the district court's order. Chief Judge Sykes, what we're saying is that the state, for whatever reason, has not a failed itself of not just a stay, but any of the ways and there are other ways that they could have prevented this case from becoming moot. Right. And that's what I'm trying to list here. What are the ways in which the state can preserve its right to seek appellate review in the federal system of the district court's writ order? I know what happened in this case, the state didn't do any of those things, the state acquiesced in the vacature of the state court judgment. But what avenues would the state have had to preserve its right to federal appellate review of the district court's writ order? Yes, Your Honor. Or stall moot it, in other words. Even if the state did not want to request a stay, although they're issued routinely, it could have asked this court to expedite its appeal. If it was in a hurry for whatever reason, it could have filed its appeal before the full 30 days were up. And even before Mr. Brown's judgment was vacated, but he had been sent to Elkhart for retrial. Under USC 2251, the state still could have asked the federal courts to invoke the authority of when pending an appeal, the federal courts can actually stay state court proceedings that involve matters in habeas proceedings. And then anything that happens past the stay being granted in state courts would be considered void. Those are all avenues that the state could have taken. And the point is, is that now that the judgment's gone, that 2251 is now too late. I guess what I'm saying is the district court's order didn't put the state in this position. The state put itself in this position. And if there are no more questions, I reserve the remaining time for rebuttal. That's fine. Thank you. Mr. Drum. May it please the court. The court should deny Brown's motions to dismiss and make him answer a brief. In the 11 months since the district court granted a conditional writ, nothing has happened to destroy this court's jurisdiction. Not our compliance with the writ, not Brown's transfer to the county jail, and not the vacator of Brown's conviction. Perhaps not one or two, but certainly the vacature of the judgment in state court moots this appeal because there's nothing the federal court can do to bring that back. The reason the trial court vacated Brown's conviction was to comply with the writ. And because the court did so to comply with the writ, then that can be undone if this court reverses the district court. The cases that I cited, Samuel, Stubbs, and Quero, establish a presumption that anything that is done because of a conditional writ can be undone by the reversal of it. So let's take this possibility. Suppose we agree with you and proceedings go forward in both this appeal and the state court. Mr. Brown is retried and he's acquitted. What happens then if we were to come up, supposing then a month after he's acquitted, we come out with an opinion that says we think the district court incorrectly granted the writ? It's our position that Brown's conviction could still be reinstated because the reason for the retrial. Really? Yes, that's correct. Somebody who has been acquitted could have a previous conviction reinstated and be returned to prison after a not guilty verdict. That's correct. And I understand that. Is there precedent for that? The closest that I have, Your Honor, is the Stubbs and Quero cases. And I understand that the defendants. Don't deal with sentences. That's true. Corrections of sentences, not acquittals and convictions being set aside. That's true. Those are the closest cases that I have. Okay. Thank you. But where is Mr. Brown now? He's in the county jail. And by what authority is he being held there? On the new on the retrial proceedings. So he's he's no longer subject to a conviction. And so I'm just trying to imagine, for example, if if he has an issue about health care or mistreatment by guards, he'd be under the due process clause of the 14th amendment at this point, not the eighth. Right. Yes, I think that's true. Okay. Okay. And the reason he was transferred to the county jail was for to allow him to be there during the retrial proceedings. He was in custody at Wabash Valley Correctional Facility, which is about four and a half hours away from the Elkhart County Courthouse. Yeah. Did you say he was at Wabash Valley? That's correct. Okay. Yes, that's correct. That's a long way. Yes. Mr. Brown, this is on a new on a new indictment. No, it's on the previous indictment, Your Honor. All right. Is there any provision in state law for reinstating a criminal judgment that has been vacated like this one? We could ask the trial court to reconsider under Indiana Trial Rule 53.4. Any time limits on that? It's while the case is pending in the trial court. So the trial court always has authority to reconsider any orders in a case that are pending before it. And so if this court were to hold that Brown's custody and deed were constitutional, then we would ask the courts reconsider. And there's no reason to think that the court wouldn't reconsider here because so far the court has done everything to comply with the federal court's order. It did everything that it's done so far to comply with the district court's order. If this court were to reverse the district court, there's no reason to think that the trial court wouldn't comply with that order as well. Could I ask you to address the Sixth Circuit opinion by it was written by Judge Kethledge, the Edelman case? Was it Edelman or was it Gillespie? I'm digging in. Sorry. I could discuss both, Your Honor, if it would help. Edelman was about the district court. The district court's continuing jurisdiction over habeas appeal, which the district court lost jurisdiction after the Sixth Circuit affirmed the district court. And then the district court tried to grant additional relief on top of that to stop the state from re-prosecuting him. In the Gillespie case, which I think highlights the role that the Supreme Court case has established, the petitioner received relief on a Brady claim in the district court. And then while the custodian's appeal was pending, the state court granted post-conviction relief on another claim, on a newly discovered evidence claim. And they vacated his conviction because of that. And because the petitioner's conviction was vacated for an independent reason, which was independent of the conditional writ, that rendered the custodian's appeal moot. That decision didn't turn on the independent grounds. The Gillespie case is actually against you, Mr. Trump. I don't think it is, Your Honor. It had nothing to do with the independent grounds for the vacature. It had to do with the vacature itself. And the court said the fact that the state court judgment was vacated, the habeas writ operated on the judgment of conviction in the state court. And once the state court vacated that judgment of conviction, the federal appeal became moot. It's at least distinguishable, Your Honor, because of the reason for the vacater in that case. No, the court's reasoning had nothing to do with the independent grounds. There were two different grounds for relief there. And the court's decision on mootness had nothing to do with the independent grounds for the state court's vacature order. It had to do with the sheer fact that the judgment on which the habeas petition was operating and the district court's habeas order was operating no longer existed. Just like the judgment in this case no longer exists, the state court judgment. But the reason that the judgment no longer exists is important. And that's what the Supreme Court said in Quero and Stubbs. If the judgment no longer exists because of a writ, then that can be undone. The conviction can be reinstated if this court reverses the district court. Another way to look at this issue is that the state has two obstacles right now to bringing Brown back to custody. The first is the district court said his custody was unconstitutional, and so we can't keep him unless we retry him. And the second obstacle is the vacater of his conviction. If this court removes the first obstacle, then it's likely that the second obstacle will be removed, too, because this court will clear a path for us to remove that second obstacle to ask the trial court to reconsider. So you seem to be embracing the notion of parallel proceedings with a kind of race to judgment as between a retrial and the direct appeal here. It's not ideal. It's certainly not what we would have liked to happen. So why, given the availability of a stay, and I think those are granted pretty routinely in habeas cases where the state wants to appeal, the very, very rare grants of relief, why not just ask for a stay? Why do we need to, in essence, face these complexities? We didn't think we needed a stay in this case because the district court said we could keep Brown in custody if we elected to retry him, which is exactly what we did. And I don't know if it's necessarily true that stays are routinely granted. The standard is high. We have to show a high likelihood of success on the merits on appeal, which is much higher than the typical standards for a certificate of appealability, which is just whether it's debatable. So I don't think they're routinely granted. In this case, like I said, we didn't think we needed one. And we have, I will say, we've used this procedure in the past where a conditional writ has said you can elect to retry the petitioner. We've done that. We filed a notice to initiate proceedings in the trial court and then had the trial court state the proceedings. But that didn't happen here. The trial proceedings moved much more quickly than we thought, and these proceedings have moved much more slowly than we thought they would. Did you seek a stay in the state court? Not officially. The prosecutor didn't file any motion for a stay, but she suggested it at one of the hearings and Brown's counsel opposed that suggestion. And. And that was in the trial is currently scheduled for August 30th. So it was just a suggestion. It wasn't a motion. That's correct. That's correct. We expect the trial to go forward. I can't say, Your Honor. I don't know. I know that the last the last continuance was on was on Brown's motion. I don't know if it will go forward. I'm not involved. I'm not directly involved in those proceedings. It seems to me that the state and its various arms of this prosecution has put itself in this box. You didn't seek a stay from the district court. You didn't seek a stay in state court to preserve the status quo so that you could get appellate review of the district court's writ order. And your other option, I suppose, would be to release the defendant because you had that alternative under the writ order. If you want to preserve your to forestall mootness, it's the making sure that judgment and state court would move the appeal, which is the case. There were options to avoid and forestall mootness, and you didn't avail yourself of them. And neither did your counterpart in the state court. It is our position that we did avoid mootness by complying with the conditional writ. And Stubbs and Cuero are clear that a stay is not necessary for the state to preserve its appeal of the grant of a habeas petition. In those cases, the state did not obtain a stay. And the court said... Was the state court judgment vacated in either of those cases? No, but in each case, the petitioner was resentenced. Those were sentencing issues. Again, this gets to Judge Hamilton's question. That's a distinction, a material distinction here. I don't know if it is based on... The conviction has been vacated here, so there's nothing for us to grant relief against. The court can lift the first obstacle, which is the... What would our order say? The order reversing the district court would say that Brown's custody was constitutional and Brown can be brought back into custody. Well, under what authority? Since there's no judgment. Right, we would ask the trial court to reconsider its order, to reinstate its judgment. And there's every indication that it would here. So we would be ordering Brown to be... His custody to be reinstated pursuant to what order of the state court that currently exists? Well, the court would say that the resumption of Brown's custody is constitutional under federal law. Okay, we need a mandate line, and we need a remedy line. And I think that's what Judge Hamilton's question was driving at. It sounds like we would be giving advice to the state court. No, I don't think so, Your Honor. You would just be reversing the district court, which I know those cases were about sentencing, but that was the same thing that happened in Stubbs and Cuero. Because the Supreme Court said in that case, because the petitioners could still be sentenced to their original sentence before they won their appeals, the custodian's appeal was not moved. If there are no further questions, I will just say one more thing. We are prepared to proceed forward on expedited briefings should this court order it. Can we order a stay with regard to that original state court proceeding? I don't know of any procedure to do that, Your Honor. That would solve it, wouldn't it? Yeah, it would stop the retrial, which is our immediate interest. But I don't think that would do anything about the vacater of Brown's conviction. We can't order the reinstatement of the earlier judgment of conviction. That's correct. I agree. Any more than we could vacate it. That's correct. A federal court can't vacate a state court conviction. That's why these writs are phrased in the way that they are. Release the prisoner or retry him within a certain period of time. That's correct. But the court can lift the main obstacle that we have to reinstating Brown's conviction and returning him to custody. If there are no further questions, thank you. Ms. Thomas. Your Honors, I'd like to begin by answering a question that Judge Keeney just asked, which was, was there a way for this court to stay at the state court proceedings? And the answer to that is yes. Under 28 U.S.C. 2251, which gives the courts the authority to stay state court proceedings that have that are that have proceedings involved with a habeas appeal. The problem here, Judge Keeney, is that once the judgment was gone, it can't we can't get it back. That 2251 motion is too late for the state. They didn't avail themselves of that option when it would have been. It would have been helpful to them. Federal court can't order the state to reinstate or order the state court to reinstate. That's correct, Your Honor. Conviction so that that relief cannot be awarded. That's correct. The the only thing that 20 that 28 U.S.C. 2251 allows is for a stay in state court proceedings. But the judgment is gone. Chief Judge Sykes, you're exactly right. Now, Judge Christopheno vacated that judgment because contrary to what my friend says, it was it was to allow the trial to proceed. It was not in coordination with compliance with the writ. And there is no authority that the state has cited that they can get that judgment back. It cannot be undone. Thomas, what happens? Mr. Drum says this is an interlocutory order. What happens if next week the judge in Elkhart County says, you know, I want to rethink this. And I think we can go forward without having vacated the conviction. Maybe right. Maybe wrong. But I'm going to give that a try. So I'm going to reinstate the conviction and trial remains scheduled for for August. Where would that leave us? Your Honor, that would lead us exactly to Jensen v. Pollard, where this court found that when the state court judge reinstated that conviction, it constituted for habeas purpose, a new intervening judgment. One that this court, considering the merits of this appeal, cannot affect. And if there are no further questions, I ask that this court grant the motion to dismiss. Thank you. Thank you. Our thanks to both counsel. The case is taken under advisement and will be in recess.